FILED
SUPERIOR COURT
GUAM

2014 JUN -3 AM II: 49

CLERK OF COURT
BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE GREY,<br><br>Defendant. | CRIMINAL CASE NO. CF 0586-13<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 2nd day of June, 2014, for oral argument on the Defendant's Motion to Exclude Hearsay Statement. Assistant Attorney General Christine Tenorio represented the People and Alternate Public Defender Stephen P. Hattori represented the Defendant. Having granted the Defendant's Motion from the bench, the Court hereby sets forth its reasoning.

## BACKGROUND

The Defendant George Grey is accused of third degree robbery, arising out of an alleged purse-snatching on October 28, 2013. The victim of the alleged crime is named Mami Misbo, and Yuki Noguchi also witnessed it. Both are Japanese women who were present in Guam as tourists. Ms. Misbo and Ms. Noguchi were questioned by and made statements to Police Officer

Trainee CJ Mangalit. The People do not intend to call the two Japanese witnesses, instead proposing to offer their statements via Officer Mangalit's testimony.

The Defendant first filed a Motion in Limine to Exclude Hearsay on May 20, dealing with the same question as the instant motion. On May 23, while the trial was recessed due to the illness of the People's attorney, the Defendant's attorney told the Court that he wished to make motions orally upon the People's attorney's return. The Court instructed that the motion should be submitted in writing. Later that day, the Defendant submitted a Motion to Exclude Hearsay Statement and to Dismiss.

## DISCUSSION

### I. Procedural Requirements

Under 8 GCA § 65.15, a motion to suppress evidence must be made before trial. 8 GCA § 65.15(c). The May 23 motion was made during trial. However, the substantially same issue had been previously raised by the Defendant in a motion in limine filed on May 20, before the beginning of trial. Def.'s Mot.1 (May 20, 2014). The issue was raised in a timely manner.

### II. Motion to Exclude Hearsay Statements

The Defendant moves to exclude the testimony of Officer Mangalit regarding the statements made to him by Ms. Misbo and Ms. Noguchi. Def.'s Mot. 1 (May 23, 2014). The Defendant argues that the statements are testimonial hearsay not subject to cross-examination, and thus their admission would violate his right to confront witnesses against him under the Sixth Amendment to the United States Constitution, which applies on Guam via the Organic Act of Guam. Def.'s Mot. 2 (May 23, 2014).

Crawford v. Washington established that under the Confrontation Clause of the Sixth Amendment, "testimonial" hearsay statements may only be introduced into evidence against a

criminal defendant if the witness is both unavailable to testify and the defendant previously had an opportunity to cross-examine the witness. Crawford v. Washington, 541 U.S. 36, 54 (2004). The United States Supreme Court defined "testimony" as "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." Crawford, 541 U.S. at 51.

The U.S. Supreme Court later clarified the difference between testimonial and non-testimonial statements in the twin cases Davis v. Washington, 547 U.S. 813 (2006), and Hammon v. Indiana, 547 U.S. 813 (2006). In Davis, the communication being challenged was a 911 call, and in contrast the affidavit in Hammon was written after the fact in an attempt by police to investigate a domestic violence incident. Davis, 547 U.S. 813, 817-18; Hammon, 547 U.S. 813, 820-21. The U.S. Supreme Court adopted the "primary purpose" test, where a court must determine whether the primary purpose of the police interrogation was to enable police assistance to meet an ongoing emergency, or if instead it was to establish or prove past events potentially relevant to later criminal prosecution. Davis, 547 U.S. at 822. In Davis, the 911 call was not testimonial, but in Hammon, the post-incident affidavit was testimonial and thus its introduction as evidence was forbidden by the Confrontation Clause. Contrast Davis, 547 U.S. at 828, with Hammon, 547 U.S. at 829-30. The Confrontation Clause violation in Hammon required reversal of the criminal conviction. Hammon, 547 U.S. at 834.

In the present case, Officer Mangalit testified that he received a call about a robbery near the ABC Store in Tumon, and spoke to two Japanese women about the event. Tr. Trans. 3 (May 22, 2014). He learned Yuki Noguchi's name from her passport, but Mami Misbo's passport was within the purse allegedly stolen, and he only learned her name by being told it. Tr. Trans. 5. Only one of the two women spoke English, and she translated for the other. Tr. Trans. 5.

Before Officer Mangalit's testimony, Daphne Dawn Borja testified that she saw a male wearing long dark pants and a long-sleeved hoodie sweatshirt with the hood up running away from two or three women chasing him. Tr. Trans. 1. After Ms. Borja left the stand, Noel Ignacio Galzote testified that two women came into the ABC Store in Tumon, where he was working, and asked him to call 911. Tr. Trans. 2. Ms. Misbo and Ms. Noguchi spoke to Officer Mangalit about an event that had happened in the recent past that they had witnessed. According to the trial testimony, before the conversation between Ms. Misbo, Ms. Noguchi, and Officer Mangalit, Ms. Misbo and Ms. Noguchi had chased the assailant, ceased their pursuit and entered the ABC Store, called the police, and waited for Officer Mangalit to arrive. Considered as a whole, the evidence indicates that there was not an ongoing emergency at the time Officer Mangalit spoke to Ms. Misbo and Ms. Noguchi. It was not Officer Mangalit's primary purpose to gather information to enable police assistance to meet an ongoing emergency, as any emergency had ceased by the time he arrived. Instead, the primary purpose of questioning the witnesses was to establish or prove past events potentially relevant to a future criminal prosecution. Officer Mangalit's statements are much more akin to the police interview in Hammon v. Indiana than to the 911 call in <u>Davis v. Washington</u>.

The People had originally included Ms. Misbo and Ms. Noguchi on the witness list. People's Witness List 2 ll. 9-10 (May 12, 2014). However, immediately prior to jury selection the People clarified that the two witnesses would not be returning from Japan to testify. Tr. Trans. 1 (May 21, 2014). Nor has the Defendant ever had the opportunity to cross-examine Ms. Misbo and Ms. Noguchi. Because Officer Mangalit's testimony about what the two women told him was hearsay, the nature of that hearsay was testimonial, and the Defendant has had no opportunity to cross-examine the absent witnesses, that testimony must be excluded from the

record in compliance with the Sixth Amendment to the United States Constitution, as interpreted by the U.S. Supreme Court in <u>Crawford v. Washington</u> and its progeny.

## CONCLUSION

For the reasons set forth above, Officer Mangalit's testimony about Mami Misbo and Yuki Noguchi's testimonial statements are inadmissible under the Confrontation Clause, and thus the Defendant's Motion to Exclude Hearsay Statements is GRANTED.

**IT IS SO ORDERED** this day of ___JUN 0 3 2014___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG; APD;
DMR

Date: 6/8/14  Time: 12 pm

Deputy Clerk, Superior Court of Guam